IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

FRANCESCA LUKIDIS-DOULIGERIS,

      Plaintiff,

  vs.                         **JURY TRIAL DEMANDED**

COSTCO WHOLESALE CORPORATION,
  a Washington Corporation,
      Defendant.

## COMPLAINT

Now comes the Plaintiff Francesca Lukidis- Douligeris, by her attorney Gregory X. Gorman, and in support her Complaint against the defendant COSTCO WHOLESALE CORPORATION ("Costco") states as follows:

### JURISDICTION AND VENUE

1. The Plaintiff Francesca Lukidis - Douligeris is, and at all times relevant hereto was, a resident of the City of Chicago, State of Illinois. ,

2. Defendant Costco Wholesale Corporation ("Costco") is incorporated in the State of Washington and maintains its principal place of business in the State of Washington. Costco also does business in the Village of Niles, State of Illinois, in the Northern District of Illinois, Eastern Division, where the injuries to Plaintiff as described below took place.

3. This Court has subject matter jurisdiction under 28 USC sect. 1332 because

there is complete diversity between the parties and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendant pursuant to the Illinois "long arm statute," 735 ILCS 5/2-209, because Defendant has submitted to jurisdiction in this state by: (a) transacting business in Illinois, including the business with Plaintiff which is the subject of this Complaint, and (b) by operating a wholesale/retail store selling groceries and other retail products and merchandise to the public, including Plaintiff, as will be further described below. and which is the subject of this Complaint, in Illinois, such business being a contact substantially connected to the State of Illinois. 735 ILCS 5/2-209 (1), (4).

5. Venue is proper in this district pursuant to 28 USC section 1391 (b) (2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Northern District of Illinois, as is more fully described below.

6. On June 29. 2021 and for some years prior to thereto Costco owned, operated and controlled a wholesale/retail store under the "Costco" name. in the Village of Niles, Cook County, Illinois.

7. On June 29, 2021 Plaintiff, who had a membership in the Costco stores. was

lawfully shopping for groceries in the Costco Niles store when she suffered a slip and fall injury in the dairy section of the store, resulting in serious injuries as is more fully described below.

8. Prior to her fall in the dairy section Plaintiff had been shopping in the store for less than half an hour.

9. At all times material herein Plaintiff was in the exercise of ordinary care and caution for her own safety and free from contributory or comparative negligence.

10. It was then and there the duty of Defendant Costco, including its contractors, agents, servants and/or employees, to exercise reasonable care in the maintenance and supervision of the store's shopping areas for the safety of patrons, including Plaintiff, who were lawfully on the premises.

11. At said time and place and not withstanding said duties Defendant Costco individually and by and through its duly authorized contractors, agents, servants, and/or employees was guilty of one or more of the following negligent and careless acts or omissions:

(a) Carelessly failed to remove debris and/or foreign objects, including the orange section described hereinafter from areas in which customers could reasonably expect to be shopping and walking;

(b) failed to exercise reasonable care in the care and maintenance of the shopping

area wher Plaintiff slipped and fell;

( c ) failed to implement an adequate system of monitoring the store's floors, including the dairy area, to ensure that said floors were free of debris or foodstuffs that would present a hazard to its patrons.

(d) Failed to adequately monitor the area where Plaintiff fell to keep it free from the accumulation of debris or foodstuffs that could present a hazard to shoppers, including Plaintiff., when the Defendant knew or should have known that the accumulation of such debris and food stuffs, including the orange section Plaintiff slipped, created a hazardous condition for the store's patrons.

 (e) was otherwise careless and negligent.

12. That as a direct and proximate cause of one or more of the foregoing acts or omissions the Plaintiff was caused to slip and fall on an orange section which was lying on the floor approximately five feet from where its employee was working;

13. That as a direct and proximate result of the aforesaid, Plaintiff suffered diverse injuries both externally and internally , of a permanent and lasting nature, which have caused and will continue to cause pain in the body and mind; that the Plaintiff was caused to spend, and in the future will continue to expend, large sums of money in endeavoring to be cured of her injuries; and the Plaintiff was caused to be unable to pursue her usual everyday life activities, and will continue

to be so impaired in the future.

14 The dairy section of the Costco is in a separate discreet area of the store, separated from other areas of the store by both building walls and walls of pallets stocked with various dairy products. Plaintiff, upon entering the dairy area began looking for the area where eggs might be available. Because of the manner in which dairy products are stocked in that particular store Plaintiff could not immediately see where the eggs were, so she continued looking for the eggs, while visually searching the palletts of merchandise for the egg section. While doing so she observed a male individual who appeared to be working there as a stockboy working with some of the merchandise.

15. As she continued looking for the eggs, Plaintiff proceeded toward the (apparent) stockboy thinking she could ask him for assistance in finding the eggs, all the while visually scanning the pallettes of product as she did so.

16. Plaintiff (who was 70 years old at the time), approached one of the rows of pallets when she felt her right foot slipped out from under her causing her to do the splits and fall to the floor, feeling immediate and excruciating pain in her upper leg/ groin area in both legs (and her left knee, right shoulder and right wrist. The stockboy who was no more than 5 from where Plaintiff fell. immediately came over to try to assist her in getting up, but Plaintiff, due to the pain in her

upper, inner legs needed more assistance and was unable to get up on her own.

17. The stockboy knew, or in the exercise of due care shoild have known, of the presence of the orange peel and the danger it posed to customers such as Plaintiff.

18. The stock boy then called the store manager who came to the scene and brought Plaintiff a wheelchair to take her to his office where he made a report.

19. It was while these Costco personell were trying to assist her, Plaintiff observed the cause of her slip and fall, a section of an orange, which she had stepped onto. The orange section was whitish in color, blending in with the light colored floor of the store area. It was only about five feet from where the stockboy was working.

20. Upon reaching her car, instead of going straight home as she had planned, plaintiff immediately sought medical attention, driving to Illinois Bone and Joint, a medical facility on Waukegan Avenue she was familiar with from earlier non-related back issues.. There she was examined and provided a knee brace for her left knee and a wrist brace for her right wrist and was instructed to return for follow-up care. She has been receiving continuing medical treatment for the injuries suustained ever since..

21. As a result of her injuries Plaintiff has been subjected to great pain and suffering which has continued to this time, undergone surgeries on both left and right hip labrum, and expects to undego at least one more surgery, on her right

rotator cuff. .

22. Plaintiff has incurred great costs in connection with her injuries and expects to incur more costs in the future.

WHEREFORE, Plaintiffs pray as follows:

    A. That Judgment be entered in favor of Plaintiff and against Defendant Costco in an amount to be determined by the jury for her injuries, pain and suffering, disability, loss of lifestyle and reasonable and necessary medical costs and treatment;

    B. reasonable fees and court costs for the bringing of this suit;

    C. Prejudgment interest from the time of filing this suit until such time as judgment is satisfied;

    D.) For such other and further relief as this court may deem just and appropriate.

## JURY DEMAND

**Plaintiff hereby demands trial by jury.**

                                                                     Respectfully submitted,

                                                                      /s/ Gregory X. Gorman/
                                                                       Attorney for Plaintiff

Gregory X .Gorman
4543 N. Ashland Avenue
Chicago, IL 60640
312–332–4240
gxsquare@aol.com