IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCESCA LUKIDIS-DOULIGERIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2023 CV 4040 |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT, COSTCO WHOLESALE CORPORATION'S OPPOSED
MOTION FOR LEAVE TO FILE ITS MOTIONS *IN LIMINE*
IN EXCESS OF THE PAGE LIMIT**

**NOW COMES** the Defendant, COSTCO WHOLESALE CORPORATION ("COSTCO"), by and through its attorneys, LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD., and respectfully moves this Honorable Court for leave to file its Motions *in Limine* in excess of 20 pages. In support thereof, COSTCO states as follows:

1. Defendant Costco seeks to file its Motions *in Limine* in support of its arguments. Pursuant to this Court's Standing Order – Pretrial Procedure For Civil Cases Before Judge Hunt, Defendant's Motions *in Limine* are to be submitted in one document not more than 20 pages per side.

2. Plaintiff seeks millions of dollars in damages, and the evidentiary stakes of this litigation are commensurate with its magnitude. The standing order on page limitations is inadequate to address the numerous and complex evidentiary issues that must be resolved before trial. If Defendant Costco is forced to artificially compress their arguments and constrain its brief, critical evidentiary matters will inevitably spill into the trial itself—requiring resolution through objections and sidebar conferences that will disrupt proceedings, consume the jury's time, and

1

impede the orderly administration of justice. Granting this motion will promote judicial efficiency by ensuring that evidentiary disputes are fully briefed and resolved in advance, allowing the trial to proceed without unnecessary interruption.

3. This case involves a number of discrete evidentiary issues which necessitate deep, meaningful judicial considerations for fair adjudication on the merits. The constraints of standard page limit orders would risk compromising a clear, accurate analysis of these issues and arguments. There exists good cause to enlarge page limits, since the order would apply to both parties and not award an advantage to either side.

4. Defendant Costco seeks to file its Motion *in Limine*, in excess of the 20-page limit and not to exceed 50-page limit.

5. In addition to motions unique to Defendant Costco, the particular issues and arguments raised in this case include:

    a. Reasonableness of Costco's floor walks,

    b. Who and How the Condition was Created,

    c. Actual Notice of the Condition,

    d. How Long the Condition Existed,

    e. Improper rebuttal experts and other late disclosed opinions,

    f. Missing, undisclosed and late disclosed treatment and billing records

    g. Barring any damages incurred after discovery closed

    h. Barring any damages without a proper evidentiary foundation including medical expenses.

Although Defendant Costco is making every effort to argue these issues concisely and to comply with this Court's 20-page limit for motions *in limine*, doing so would prejudice Defendant Costco and prevent filing proper Motions in support of its good faith arguments.

6. Plaintiff filed a complaint with allegations against the Defendant Costco sounding in premises liability. Within her complaint, Plaintiff alleges that Defendant was negligent in failing to maintain the premises in a reasonably safe condition, inspect the premises to discover the orange and failing to remove the orange from the floor of the warehouse which caused her to slip and fall.

7. Defendant Costco denies all material allegations and asserts several defenses to these claims. Defendant Costco exercised reasonable care for Plaintiff's safety at all times. There is no evidence that Defendant Costco negligently created the purported dangerous condition by placing the orange on the floor. Further, Plaintiff will present no evidence how the orange was placed on the floor in Costco's dairy room, nor will there be any evidence showing how long the orange was on the floor in Costco's dairy room. Defendant Costco did not have actual or constructive notice of the piece of orange. Defendant Costsco has asserted further affirmative defenses to Plaintiff's complaint. Defendant Costco is not liable for Plaintiff's injuries.

8. Plaintiff claims in excess of $600,000 in medical specials in this matter, as well as multiple surgeries to her bilateral hips, left knee, and right shoulder. A large percentage of these damages were incurred after discovery closed. Despite not producing all records and bills, Plaintiff claims damages for these additional procedures, including a right hip replacement, its complications, a future left hip replacement, and future right shoulder surgery. Despite incomplete and untimely disclosures, Plaintiff claims these procedures are causally related to Plaintiff's June 29, 2021, fall at Costco, in addition to two hip arthroscopies and left knee surgery.

8. The liability issues, large amount of damages claimed, complexity of claimed past and future damages, disclosure and discovery concerns, as well as proximate cause and expert issues will support at least twelve (12) motions in limine. If Defendant Costco is limited to 20 pages total for all twelve (12) Motions *in limine*, Defendant Costco's arguments will be severely prejudiced.

9. Furthermore, Plaintiff is not prejudiced by allowing Defendant Costco additional pages for its motions *in limine* as she will have an opportunity to file a response to Defendant Costco's Motions and arguments.

10. The Parties have met and conferred regarding Defendant's Motion and Plaintiff has expressed her objection to the Motion.

**WHEREFORE**, Defendant, COSTCO WHOLESALE CORPORATION, respectfully requests that this Honorable Court grant its Motion for Leave to File its Motions *in Limine* in Excess of the Page Limit and not to exceed 50-pages, and for any other relief this Court deems just and proper.

Respectfully Submitted,

Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd.

By: *Kevin R. McGinn*
One of the Attorneys for Defendant Costco Wholesale Corporation

Amanda L. Zink – alz@lipelyons.com
Kevin R. McGinn – krm@lipelyons.com
Lipe Lyons Murphy Nahrstadt & Pontikis Ltd.
230 W. Monroe St., Ste. 2260
Chicago, IL 60606
Telephone: (312) 448-6230

Robert J. Finley—rfinley@hinshawlaw.com
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500

4

Chicago, IL 60606
Telephone: (312) 704-3000