**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRANCESCA LUKIDIS-DOULIGERIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2023 CV 4040 |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT COSTCO WHOLESALE CORPORATION'S SUPPLEMENT TO ITS MOTION FOR JUDGMENT AS A MATTER OF LAW**

Now comes Defendant Costco Whole Corporation, by and through its attorneys, Lipe Lyons Murphy Nahrstadt & Pontikis Ltd., and Hinshaw and Culbertson LLP, and for its Supplement to it Motion for Judgment as a Matter of Law, states:

## INTRODUCTION

Plaintiff has presented three treating physicians to provide testimony regarding Plaintiff's injuries allegedly caused by her fall at Costco on June 29, 2021. At the end of Plaintiff's case-in-chief, none of these treating physicians provided testimony supporting Plaintiff's claim that her right shoulder and left knee injuries were proximately caused by her fall at Costco. As Plaintiff has elicited no testimony and presented no evidence supporting her claim that the alleged left knee and right shoulder injuries are proximately caused by her fall on June 29, 2021, Costco moves for judgment as a matter of law on these claims.

## STANDARD OF REVIEW

A Motion for Judgment as a Matter of Law may be made at any time before the case is submitted to the jury. Fed. R. Civ. P. 50(a). In diversity cases, state law supplies the standard to be applied to such motions. *Jackson v. Bunge Corp.*, 40 F.3d 239, 242 (7th Cir. 1994). Illinois law

provides that verdicts should be directed in those cases in which all of the evidence so overwhelmingly favors the movant that no contrary verdict based on that evidence could stand. See *Jablonski v. Ford Motor Co*., 2011 IL 110096, ¶ 88; *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494 (1967): A motion for directed verdict or a judgment notwithstanding the verdict raises a question of law as to whether, when all of the evidence is considered together with all reasonable inferences taken in the light most favorable to the plaintiffs, "there is a total failure or lack of evidence to prove any necessary element of the [plaintiff's] case.'" *Jablonski v. Ford Motor Co*., 2011 IL 110096, ¶ 88 citing *York v. Rush-Presbyterian-St. Luke's Medical Center*, 222 Ill. 2d 147, 178 (2006).

**PERTINENT TRIAL EVIDENCE AND TESTIMONY**

Plaintiff presented three of her treating physicians at trial to testify regarding their treatment of Plaintiff following her fall at Costco. These treating physicians were Dr. Benjamin Domb, Plaintiff's hip surgeon, Dr. Mark Schinsky, Plaintiff's right knee surgeon, and Dr. Michael Rock, Plaintiff's pain management physician and primary treater of her right shoulder. Dr. Domb was not asked to opine on the proximate cause of Plaintiff's claimed right shoulder and left knee injuries and, as such, did not provide any testimony to that effect.

Dr. Schinksy testified regarding his treatment of Plaintiff's left knee. Dr. Schinsky testified that he diagnosed Plaintiff with a meniscus tear in her left knee. He also testified that performed an arthroscopy procedure on Plaintiff's left knee in 2024. Dr. Schinsky testified that he never reviewed medical records from Plaintiff's prior knee treatment at Illinois Bone and Joint. He testified that he never compared Plaintiff's 2021 left knee MRI to her 2023 MRI, noting that it was never provided to him by Plaintiff. When asked directly if he could opine that Plaintiff's meniscus

tear was caused by her fall at Costco to a reasonable degree of medical certainty, he testified that he could not at the time of his deposition.

Dr. Rock testified regarding his treatment of Plaintiff's right shoulder. He testified that Plaintiff's right shoulder complaints were caused by degeneration of her rotator cuff attributable to aging. Dr. Rock testified that he was aware of Plaintiff's fall at Costco, but was not actually interested in her medical history. He further testified that Plaintiff had diagnoses of fibromyalgia and arthritis that contributed to her pain complaints in the right shoulder. When asked if he could opine that Plaintiff's right shoulder complaints were caused by her fall at Costco to a reasonable degree of medical certainty, he testified that he could not.

## ARGUMENT

### I. COSTCO IS ENTITLED TO JUDGMENT AS A MATTER OF LAW REGARDING PLAINTIFF'S CLAIMS OF INJURY TO HER RIGHT SHOULDER AND LEFT KNEE

In order to recover under a negligence theory, a plaintiff must offer evidence that establishes that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was a proximate cause of the plaintiff's injuries. *Ward v. K Mart Corp.,* 136 Ill.2d 132 (1990). Proximate cause is an essential element of a negligence claim. *Bermudez v. Martinez Trucking*, 343 Ill.App.3d 25, 29 (2003). Generally, proximate cause presents a question of fact; however, it becomes a question of law when the facts alleged indicate that a party would never be entitled to recover. *Id.* at 29–30, 277 Ill.Dec. 708. Accordingly, a plaintiff who fails to establish the element of proximate cause has not sustained his or her burden of making a *prima facie* case and summary judgment is proper. *Mann v. Producer's Chemical Co*., 356 Ill.App.3d 967, 972 (2005).

In *Seef v. Ingalls Memorial Hospital*, the plaintiff disclosed no experts to opine on the proximate cause of the plaintiff's injuries. *Seef v. Ingalls Memorial Hospital,* 724 N.E.2d 115 (Ill. App. 1st Dist. 1999). The plaintiff did disclose experts to opine on deviations from the relevant standard of care. After discovery was complete and dispositive motion deadline had passed, the court barred these witnesses on motions in limine due the potential prejudicial effect of their testimony. *Id.* The defendant hospital promptly filed a motion for summary judgment arguing that Plaintiff's lack of evidence supporting proximate cause justified dismissal of the plaintiff's claim against it. *Id*. The court agreed that the lack of proximate cause evidence meant there were no genuine issues of material fact for the jury to consider and the defendant hospital was dismissed. *Id*.

**A. Plaintiff's Treating Physicians Did Not Testify that Plaintiff's Left Knee and Right Shoulder Injuries Were Caused By The Fall at Costco**

Plaintiff has put forth no evidence that Plaintiff's alleged left knee and right shoulder injuries were proximately caused by her fall at Costco. Dr. Schinsky did not offer any testimony relating Plaintiff's alleged left knee injuries to the fall at Costco. Dr. Rock did not offer any testimony relating Plaintiff's alleged right shoulder injuries to the fall at Costco. Plaintiff did not present any expert witnesses to support proximate causation for these injuries.

Plaintiff alleges a left knee surgery and years of treatment on her right shoulder were all caused by her fall at Costco. However, as in *Seef,* Plaintiff has presented no testimony at trial to demonstrate a causal link between the fall and this medical treatment. Absent any competent medical evidence tending to show that Plaintiff's fall was the proximate cause of Plaintiff's alleged injuries, there is no question of fact for the jury to consider, and judgment as a matter of law is appropriate.

Notably, Plaintiff's case is distinguishable from *Levington v. Myles*, 2022 U.S. Dist. LEXIS 58343 cited by Judge Hunt in her ruling (Exhibit A, Dkt.147, p.6). In *Levingston*, the court found sufficient circumstantial evidence even without medical testimony to support a question of fact for trial. Specifically, Plaintiff Levingston had evidence of a clean bill of health in the weeks before an alleged assault while in custody. Thus, the only explanation for Levingston's injuries was the alleged assault. However, the facts of the present case are markedly different. In this case, Plaintiff Lukidis was *actively treating for pre-existing conditions in her right shoulder and left knee*. Another key difference from *Levingston* is that Lukidis' treating physicians could <u>not</u> testify that her fall at Costco proximately caused the alleged injuries. Thus, unlike *Levingston*, Lukidis did not have a clean bill of health at the time of the alleged injuries and her treating physicians fail to support proximate cause. Accordingly, Plaintiff's claim that her alleged right shoulder and left knee injuries were proximately caused by the fall at Costco is pure unsupported speculation and insufficient for a jury to decide.

**B. There Are No Remaining Treaters of Plaintiff That Will Testify Plaintiff's Injuries Were Caused by The Fall at Costco**

Plaintiff has not presented any other treating physicians to offer causation testimony at trial and has not disclosed any medical expert witnesses to testify regarding Plaintiff's alleged left knee and right shoulder injuries. On the other hand, Defendant called one of Plaintiff's treaters, Dr. Jeffrey Goldstein of Illinois Bone & Joint.

Dr. Goldstein testified that he treated Plaintiff before the fall at Costco for arthritic pain in her knees and hips. He further testified that examinations following the fall *did not* demonstrate any acute injury. Accordingly, Dr. Goldstein's testimony will not be able to support Plaintiff's claim that her injuries were caused by the fall at Costco. In fact, his findings of no acute injury clearly dispute their connection to the Costco slip and fall.

Absent causation testimony from Dr. Schinsky and Dr. Rock, the testimony of Dr. Goldstein is unrebutted. As such, the jury has been presented with no testimony that the fall at Costco caused Plaintiff's left knee or right shoulder injuries, but will hear testimony that either clearly denies these injuries were caused by the fall or that there is not enough information to support the conclusion that Plaintiff's injuries were caused by the fall. Either way, there remains no question of fact as to causation for the right shoulder and left knee injuries and Costco is entitled to judgment as a matter of law.

## CONCLUSION

Absent any testimony or documentary evidence supporting Plaintiff's claim that her alleged right shoulder and left knee injuries were caused by the fall at Costco, Plaintiff has failed to establish a necessary element of these claims and there is no genuine issue of material fact to be considered by a jury. Plaintiff has the burden of establishing every element of her claim and she has not done so regarding the claimed right shoulder and left knee injuries. For these reasons, Costco is entitled to judgment as a matter of law on these claims.

Respectfully submitted,

Lipe Lyons Murphy Nahrstadt & Pontikis Ltd.

By. Amanda L. Zink

One of the attorneys for Costco Wholesale Corporation

Amanda L. Zink – alz@lipelyons.com
Kevin R. McGinn – krm@lipelyons.com
Attorney for Costco Wholesale Corporation
LIPE LYONS MURPHY NAHRSTADT & PONTIKIS LTD.
230 West Monroe Street, Suite 2260
Chicago, IL 60606
Phone: 312.448.6230

Robert J. Finley – rfinley@hinshawlaw.com
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Phone: (312) 704-3000